# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Pamela Drain, individually and as mother and Guardian of R.D., a minor under the age of fourteen, | ) ) ) Civil Action No.: 5:18-cv-03267-JMC ) |
| Plaintiff, | ) ) **ORDER AND OPINION** |
| v. | ) ) |
| South Carolina Department of Education, | ) ) |
| Defendant. | ) |

This matter is before the court pursuant to Plaintiff Pamela Drain's ("Drain") Motion to Remand (ECF No. 23-1) the case to the Orangeburg County Court of Common Pleas. Defendant South Carolina Department of Education ("SDOE") opposes Drain's Motion to Remand and asks the court to retain jurisdiction of this case. (ECF No. 24.) For the reasons set below, the court **GRANTS IN PART AND DENIES IN PART** Drain's Motion to Remand (ECF No. 23-1).

## I. RELEVANT BACKGROUND OF PENDING MOTION

On September 8, 2016, Drain, individually and as mother and guardian of R.D., a minor, filed suit in the Orangeburg County Court of Common Pleas against (1) Edisto Primary School, (2) Orangeburg Consolidated School Four and (3) SDOE for various state law negligence claims arising from several incidents where R.D., an autistic child, was allegedly assaulted and mistreated on the school bus and at school. (ECF No. 1-2 at 82, 83 ¶¶ 17, 18, 23.) After Drain's initial suit was filed, Defendants Edisto Primary School and Orangeburg Consolidated School Four were both dismissed with prejudice by virtue of the parties' agreed upon stipulations. (ECF No. 1-1 at 49; ECF No. 42.) SDOE is the only remaining Defendant.

For three years, the parties have engaged in vigorous litigation and discovery where they have taken depositions, filed numerous dispositive motions, and participated in status conferences with the presiding state court judge. On October 9, 2018, Drain sought leave of the state court to file an Amended Complaint. (ECF No. 23-1 at 2.) The state court judge entered an order granting leave for Drain to file her Amended Complaint on November 9, 2018. (ECF No. 1-2 at 94-96.) The Amended Complaint maintained the initial gross negligence claims, but added a new allegation that the school deprived R.D. of an IEP (Individual Education Program). (ECF No. 1-2 at 85 ¶ 40.)

On December 4, 2018, SDOE filed its Notice of Removal (ECF No. 1), removing the action to this court. On December 21, 2018, Drain filed a Motion to Remand, asserting that no basis of removal exists as to any claims in her Amended Complaint. (ECF No. 23-1 at 2.) SDOE filed a Response to Drain's Motion to Remand on the same day (ECF No. 24.), arguing that the court has federal question jurisdiction. On January 7, 2019, in her Reply to SDOE's Response, Drain urged the court to remand the entire matter or sever and remand the state law negligence claims pursuant to 28 U.S.C. § 1441(c)(2). (ECF No. 27 at 1.) The case was stayed on May 9, 2019 (ECF No. 45) until the court rules on Drain's Motion to Remand (ECF No. 23-1). The court now turns to Drain's Motion to Remand.

## II. LEGAL STANDARD

A. <u>Motion to Remand</u>

It is well established that removal jurisdiction is strictly construed. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted). In deciding a motion to remand, the party seeking removal bears the burden of showing federal jurisdiction exists. *Id.* (citation omitted). In addition, a district court must "'resolve all doubts about the propriety of

removal in favor of retained state jurisdiction.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).

Courts must narrowly interpret removal jurisdiction because of the significant federalism concerns that are raised by removing proceedings from state court; accordingly, all doubts are resolved in favor of remand. *See Shamrock Oil & Gas Corp. V. Sheets,* 313 U.S. 100, 108–09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

### III. DISCUSSION

A. Timely Removal

Under 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3), in part. The pivotal issue presented in this matter is at what moment does the thirty-day period for removal commence when a plaintiff files an amended complaint. Drain argues that the thirty-day clock for SDOE to remove began on October 9, 2018, which was the date she filed her Motion to Leave to file an Amended Complaint. On the other hand, SDOE insists that the clock was not triggered until the state court actually entered its order **granting** Drain's Motion to Leave to file the Amended Complaint, which was on November 9, 2018.

In determining what triggers the removal period, "[a] minority of courts have held that the removal period begins when a plaintiff files a motion to amend." *Nolan v. Sunstate Carriers, Inc.*, C/A No. 4:09-2043-RBH, 2009 WL 5031308, at *3 (D.S.C. Dec. 14, 2009) (citations omitted). On the other hand, "[t]he majority of courts ... have held that the thirty-day removal period does not begin to run until a state court judge **enters an order granting leave to file an amended complaint**." *Id.* (citing *Hibbs v. Consol. Coal Co.*, 842 F. Supp. 215 (N.D. W. Va. 1994) (other

3

citations omitted)) (emphasis added); *see also Savilla v. Speedway SuperAmerica, LLC*, 91 Fed. Appx. 829, 830-31 (4th Cir. 2004) (per curiam) (vacating the decision of the district court and finding that removal was not premature where state court granted a motion for leave to file an amended complaint and the Second Amended Complaint was filed with the motion, signed by counsel, and served upon opposing counsel). In other words, "[w]here leave to amend is required, an amended complaint cannot be operative until that leave has been granted. Simply put, in federal court, there is simply no such thing as 'contingent' subject matter jurisdiction." *McDonough v. UGL UNICCO*, 766 F. Supp. 2d 544, 546 (E.D. Pa. 2011) (footnote omitted). The *Hibbs* court also explained that this rule "relieves defendants from speculating about the state court's ruling or speculating about whether a plaintiff will withdraw a motion to amend if a Notice of Removal is filed." *Hibbs*, 842 F. Supp. at 217.

Upon consideration of these factors and the record before the court, the court agrees with the majority rule. Therefore, applying the majority rule to the instant case, Drain's timeliness argument is without merit. The court finds that SDOE's removal was timely because its Notice of Removal was filed on December 4, 2018. As such, removal was made well within thirty (30) days of November 9, 2018, which was the date that the state court judge granted Drain's Motion to Amend. Therefore, SDOE could reasonably "ascertain that the case [was] one which is or ha[d] become removable" on, and not before, November 9, 2018. 28 U.S.C. § 1446(b)(3).

B. <u>Federal Question Jurisdiction</u>

The next issue before the court is whether SDOE properly removed the case to this court in terms of federal question jurisdiction. SDOE removed this case from state court pursuant to 28 U.S.C. §§ 1441 and 1446. Under § 1441(a), a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. SDOE's Notice of Removal

4

states that the court has subject matter jurisdiction over the present case pursuant to 28 U.S.C. § 1331 because Drain's Amended Complaint raised a federal question. In this regard, SDOE asserts that Drain, by alleging that SDOE "violated law by not providing R.D. with a complete IEP," invoked the Individuals with Disabilities Education Act ("IDEA")[1]—a federal statute designed to protect the educational and learning rights of children with disabilities. By contrast, Drain essentially argues that there are no articulated federal questions raised in her Amended Complaint, and that removal was, therefore, improper.

The Supreme Court of the United States of America has stated that "[a]s a general matter, defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997) (quoting 28 U.S.C. § 1441(a)). "The district courts have original jurisdiction under the federal question statutes over cases 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* (quoting 28 U.S.C. § 1331). The Fourth Circuit has likewise averred that "removal is appropriate if the face of the complaint raises a federal question." *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir.

---

[1] The IDEA was enacted in 1990 to ensure that all children with disabilities receive a "free appropriate public education" (a "FAPE"), and the IDEA emphasized the special education and related services required to meet the unique needs of such children. In return for the receipt of federal education funding, states are required by the IDEA to provide each of their disabled children with a FAPE. Under the IDEA, a FAPE must provide such children with meaningful access to the educational process. *MM ex rel. DM v. Sch. Dist. of Greenville Cty.*, 303 F. 3d 523, 526 (4th Cir. 2002) (quoting *Board of Educ. v. Rowley,* 458 U.S. 176, 192, 102 S. Ct. 3034, 73 L. Ed. 2d 690 (1982)) ("[I]n seeking to provide ... access to public education, Congress did not impose upon the States any greater substantive educational standard than would be necessary to make such access meaningful."). That is, a FAPE must be reasonably calculated to confer some educational benefit on a disabled child. *Id.* at 207, 102 S. Ct. 3034. Such an educational benefit must be provided to a disabled child in the least restrictive and appropriate environment, with the child participating, to the extent possible, in the same activities as non-disabled children. 20 U.S.C. § 1412(a)(5)(A).

2005). To remove based on federal question jurisdiction, the federal question must be an essential element of the plaintiff's cause of action. *Gully v. First Nat'l Bank,* 299 U.S. 109, 112 (1936). The presence or absence of a federal question is determined by the "well-pleaded complaint" rule. *Cmty. State Bank v. Knox,* 523 F. App'x 925, 927 (4th Cir. 2013) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)).

Under the "well-pleaded complaint" rule, the plaintiff is the master of his or her complaint, and a plaintiff may defeat removal by choosing not to plead independent federal claims. *ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality,* 213 F.3d 1108, 1114 (9th Cir. 2000). This does not mean, however, that a plaintiff may defeat removal by "omitting to plead necessary federal questions in a complaint." *Id.* If a federal question is an essential element of the relief sought, a plaintiff may not avoid federal jurisdiction by choosing to ignore the federal question in the complaint. *Id.*

Thus, in resolving the clash between the parties—whether Drain, in fact, alleged a claim arising under federal law—the court must examine the face of Drain's Complaint with keen attention to the allegations in paragraph 40. Here, Drain never directly states the basis of the allegations in paragraph 40, which merely states that "Defendant violated law by not providing R.D. with a complete IEP." (ECF No. 1-2 at 85 ¶40.) SDOE argues that "determination of Allegation 40 of the Amended Complaint, and the plaintiff's right to relief thereunder, necessarily depends on a determination of whether Defendants violated the Individual with Disabilities Education Act (IDEA), *20 United States Code § 1400, et seq.*, and related federal regulations." (ECF No. 24 at 3.)

At this time, without delving into the viability of this cause of action, Drain's allegations directly raise the implication that SDOE failed to comply with provisions of the IDEA. Indeed,

6

states are charged with the implementation of the IDEA, and Drain appears to challenge SDOE's compliance with the IDEA's substantive and procedural mechanisms. Even if Drain's IDEA allegation intended to challenge SDOE's compliance with state, not federal, procedures under the IDEA, the IDEA is the original source of many of the substantive and procedural rights that children and parents enjoy in the state-implemented system. *See, e.g., Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 126 S. Ct. 528, 163 L. Ed. 2d 387 (2005) (describing the basic requirements that the IDEA imposes on participating states).

Here, Drain's general allegation that SDOE failed to provide R.D. with a complete IEP directly relates to R.D.'s status as a child with disabilities and relates to any educational injuries that R.D. allegedly suffered due to SDOE's alleged failure to implement an IEP. *See J.B. ex rel. Bailey v. Avilla RXIII Sch. Dist.*, 721 F.3d 588, 593 (8th Cir. 2013) (recognizing allegations that a school district "failed to adequately implement IEPs" as IDEA claims). As such, the Amended Complaint gives rise to questions related to the IDEA's federal guarantee of rights. Drain's Complaint has raised a federal question over which the court has jurisdiction. SDOE has, therefore, properly removed this action as one arising under federal law.

C. <u>Separate and Independent Claims</u>

Drain, arguing in the alternative within her Reply, proffers:

> Even if the court finds that Defendants' removal was timely and that the Amended Complaint raised a claim arising under original jurisdiction of this court, the remaining state claims should be severed from the alleged federal claims and remanded to the Orangeburg Court of Common Pleas.

(ECF No. 27 at 1.)

In contrast, SDOE would have this court remove the entire case based on the allegations in paragraph 40 because, as SDOE urges, "the new allegation…drastically changes the nature of the

case." (ECF No. 24 at 1). While it is true that 28 U.S.C. § 1367 provides that "in any civil action over which the districts courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to [the original jurisdiction claims] that they form part of the same case or controversy…", this court does not find that Drain's state tort claims are "so related" to her IDEA claim to warrant the court's exercise of supplemental jurisdiction.

In her Amended Complaint, Drain alleges that R.D. was assaulted on a school bus and also assaulted several times at school while under the supervision of school officials. (*See generally* ECF No. 1-2.) These allegations are undergirded by wholly unrelated state law tort claims and do not concern any deficiency in R.D.'s education plan or the protections contemplated under the IDEA. Section 1441 of the removal statutes sets forth guidance for district courts in situations, such as the instant circumstance, where a removed case includes a mixture of wholly independent state and federal claims:

> (1) If a civil action includes – (A) a claim arising under the Constitution, laws or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court…the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), **the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed**…

28 U.S.C. §1441(c) (emphasis added).

In other words, § 1441(c)(1) provides a mechanism for removal to federal court of cases that combine claims under federal question jurisdiction with claims that a federal court has no jurisdiction to adjudicate. "In that circumstance, the defendants as to the federal claims may remove the case to a federal district court. But, pursuant to § 1441(c)(2), the court must then sever

8

and remand the claims over which the court lacks jurisdiction [because] [those claims] may not be litigated in federal court; they must be severed and remanded to state court." *Moore v. Svehlak*, No. CIV.A. ELH-12-2727, 2013 WL 3683838, at *7 (D. Md. July 11, 2013) (explaining the meaning and application of U.S.C. § 1441(c)).

Here, discovery has revolved around whether SDOE was "grossly negligent in the hiring, firing, management, monitoring, and supervision of their employees." (ECF 2 at 86-87.) The damages explored throughout the state litigation have been directly in connection to the gross negligence claims under the South Carolina Tort Claims Act. Drain's added IDEA allegation in her Amended Complaint does not so drastically change the course of the case with regard to this court's lack of jurisdiction over the state negligence claims. Because Drain's gross negligence claims are wholly unrelated to her IDEA claims and not within the original jurisdiction of this court nor its supplemental jurisdiction, this court cannot exercise supplemental jurisdiction over those claims. As such, the court **REMANDS** the gross negligence claims to the Orangeburg County Court of Common Pleas. 28 U.S.C. §1441 (2); *see also James v. S.C. Dep't of Corr.*, No. 1:13-CV-1936-TLW, 2014 WL 1096293, at *2 (D.S.C. Mar. 18, 2014) (court retaining two claims that district court had original jurisdiction over while severing and remanding wholly unrelated state law claims over which the court lacked original or supplemental jurisdiction).

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** Drain's Motion to Remand (ECF No. 23-1). Specifically, the court hereby **GRANTS** Drain's Motion to Remand (ECF No. 23-1) as to her causes of action for gross negligence and negligence per se, and, therefore, **SEVERS AND REMANDS** these claims to the Orangeburg County Court of Common Pleas pursuant to 28 U.S.C. § 1441(c)(2) as these state law claims do not form part of

9

the same case or controversy as the claims under the IDEA. The court hereby **DENIES** Drain's Motion to Remand as to the allegations in paragraph 40 of the Amended Complaint, which arise under the IDEA. The court, therefore, retains jurisdiction over the allegations in paragraph 40 and over any other claim(s) that arise under the IDEA.

    **IT IS FURTHER ORDERED** that the district court clerk is hereby directed to send the file to the Orangeburg County Court of Common Pleas and to file this Order and provide copies to counsel.

    **IT IS SO ORDERED.**

*J. Michelle Childs*

September 16, 2019                                                                       United States District Judge
Columbia, SC